FILED
2005 Feb-07 PM 03:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **B.L. HARBERT INTERNATIONAL, LLC,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | **CASE NO.: CV-04-HS-3255-S** |
| v. ] | |
| ] | |
| **HERCULES STEEL COMPANY,** ] | |
| ] | |
| **Defendant.** ] | |

# Memorandum Opinion

## I.   INTRODUCTION AND PROCEDURAL HISTORY

This is a civil action filed on November 18, 2004, by the Plaintiff, B.L. Harbert International, LLC ("Harbert"), against the Defendant, Hercules Steel Company ("HSC"). *Petition to Vacate Arbitration Award*, at 1. The Plaintiff wishes this Court to vacate a September 8, 2004, award in arbitration, and an October 18, 2004, Disposition for Application of Modification/Clarification of the Award. The Defendant has also filed a Motion to Confirm the award pursuant to 9 U.S.C. § 9. (Doc. 6.)

The Federal Arbitration Act ("the Act") provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Because the award cannot be confirmed if it is vacated, and because the Plaintiff has petitioned the Court to vacate the award, this Court must first address whether the order should be

vacated.[1]

## II. BACKGROUND

Harbert was the general contractor hired to build three office buildings for the U.S. Army Corps of Engineers at Ft. Bragg, North Carolina. It subcontracted the structural steel portion of the work to HSC. At the end of the project, Harbert filed a claim against HSC. HSC filed for arbitration against Harbert. Harbert counterclaimed in the arbitration for damages due to delays HSC allegedly caused in the project.

The crux of the arbitration case involves whether HSC complied with the construction schedule. It is undisputed that two schedules existed: 1) the "2000 schedule" which Harbert claims was its schedule with HSC under their written subcontract, and 2) the "3000 schedule" which Harbert claims was a separate schedule that Harbert had with the government. Harbert claims that the 3000 schedule had nothing whatsoever to do with HSC's responsibilities.

It is undisputed that HSC did not meet the deadlines in the 2000 schedule, but did meet the deadlines in the 3000 schedule.

The original Award of Arbitrator, dated September 8, 2004, was one page long and simply held, in pertinent part, as follows:

> Respondent shall pay to Claimant, the sum of THREE HUNDRED SIXTY-NINE THOUSAND SEVEN HUNDRED SEVENTY-FIVE DOLLARS AND NO CENTS ($369,775.00) representing the subcontract balance due; Respondent shall pay to Claimant as interest at 8% per annum from March 20, 2003, to September 10, 2004, the sum of FORTY-THREE THOUSAND SIX HUNDRED EIGHTY FOUR DOLLARS AND TEN CENTS ($43,684.10). Interest beyond September 10, 2004, will accrue at the daily rate of EIGHTY-ONE DOLLARS and FIVE CENTS ($81.05) until paid. Payment of the principal amount plus accrued interest to date of payment will be paid within thirty days of the date of this Award.

---

[1]The Act also requires the petition to be treated as a motion. *See* 9 U.S.C. § 6.

*Award of Arbitrator*, at 1.

In its October 18, 2004, order, the Arbitrator wrote:

> It has been brought to the Arbitrator's attention that the Award is in error in that the parties have agreed that the subcontract balance was FOUR HUNDRED SIXTY-NINE THOUSAND SEVEN HUNDRED SEVENTY-FIVE DOLLARS AND NO CENTS ($469,775.00) and the Arbitrator's Award inadvertently stated that the subcontract balance was THREE HUNDRED SIXTY-NINE THOUSAND SEVEN HUNDRED SEVENTY-FIVE DOLLARS AND NO CENTS ($369,775.00). The Award is, therefore, due to be amended.
>
> It was the arbitrator's view that the Award clearly reflected that all claims except Hercules' [sic] claim for its subcontract balance had been rejected. Harbert now seeks clarification as to how the decision was reached and asks for separate decisions on the six issues submitted to the Arbitrator. Accordingly, the Arbitrator makes the following findings:
>
> **Issue #1    What was the schedule to which Hercules was bound under its subcontract with Harbert?**
>
> The project schedule submitted to the Corps of Engineers which was used to build the project. It was not the sixteen week schedule unilaterally set by Harbert.

*Disposition for Application of Modification/Clarification of the Award*, at 1-2 (emphasis in original).

In response to Issue #2, the Arbitrator also wrote: "Harbert's case is premised on a Project Schedule which the Arbitrator finds was not applicable." *Id.* at 2. The Arbitrator then found that HSC was entitled to recover $469,775.00 plus interest and entered an award providing for same. *Id.* at 2-3.

## III.   ANALYSIS

The Plaintiff contends that the Arbitrator manifestly disregarded the law on Issue #1.[2] It asks the Court to vacate the award on that basis.

Judicial review of an arbitration award is "narrowly limited." *Lifecare Int'l, Inc. v. CD*

---

[2] The Plaintiff also contends that the award was "arbitrary and capricious". However, because that assertion is based upon the Arbitrator's alleged manifest disregard of the law, the Court treats the case as a motion for vacatur based upon manifest disregard of the law.

3

*Medical, Inc.*, 68 F.3d 429, 433 (11th Cir. 1995) (citing *Davis v. Prudential Sec., Inc.*, 59 F.3d 1186, 1190 (11th Cir. 1995).  The Act presumes the confirmation of arbitration awards and federal courts should defer to the arbitrator's decision whenever possible.  *Lifecare*, 68 F.3d at 433 (citing *Robbins v. Day*, 954 F.2d 679, 682 (11th Cir. 1992)).

9 U.S.C. § 10 provides several statutory bases for vacating an arbitration award.  However, Plaintiff makes no claim under that section.

> In addition to the four statutory grounds, the Eleventh Circuit Court of Appeals has recognized three non-statutory bases for *vacatur* of an arbitration award. The award may be vacated (1) if it is arbitrary and capricious, (2) if its enforcement is contrary to public policy, or (3) if it evinces a manifest disregard for the law.

*Isenhower v. Morgan Keegan & Co., Inc.*, 311 F.Supp.2d 1319, 1324 (M.D. Ala.,2004) (footnotes omitted) (citing *Montes v. Shearson Lehman Bros., Inc.,* 128 F.3d 1456, 1458-59, 1461-62 (11th Cir.1997)).

    A.    **Procedure for Review of an Arbitration Award**

The Eleventh Circuit has made it quite plain that the appropriate procedure for reviewing arbitration awards is as follows:

> If the arbitration award is silent as to its rationale, the reviewing court first reviews the arbitration award to determine if there is a rational basis for the award. The onus is on the party requesting vacatur to refute ... every rational basis on which the arbitrator could have relied. If a proper basis for the award is found, then the party seeking to vacate the award is restricted to only the four statutory grounds. However, when an award is *not* silent as to its rationale, the reviewing court shall review any of the statutory grounds or non-statutory grounds raised by the party seeking to vacate.

*Rosati,* 167 F.Supp.2d at 1344 (internal citations and quotations omitted; emphasis in original).

*Isenhower*, 311 F. Supp.2d at 1325.

### B.     The Arbitration Award Is Not Silent As to Its Rationale

It is clear that the original award was silent as to its rationale. However, in the second order, as to Issue 1, about which the Plaintiff complains, the Arbitrator stated that the contact upon which Harbert relied was not applicable, and found in favor of HSC on that basis. HSC was then awarded the amount due it under the Subcontract. It is true, as Defendant states, that the Arbitrator gave no discussion, rationale, or insight into how he analyzed the various contract terms and surrounding factual circumstances to make his determination regarding which schedule Hercules was bound to meet. However, looking at the award as a whole, it is clear that the rationale for awarding HSC the balance due on the subcontract was that the Court found that it was bound by the terms of the 3000 schedule–a schedule HSC met. Therefore HSC was not in breach and was entitled to the award.

### C.     Manifest Disregard for the Law

Because the award is not Silent as to its rationale, the Court may address the non-statutory basis for vacatur asserted by the Plaintiff–manifest disregard for the law.

> "Manifest" means "[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, undubitable, indisputable, evident, and self-evident." *Black's Law Dictionary* 962 (6th ed. 1990). *See also American Heritage Dictionary of the English Language* 794 (New College ed. 1981) ("Clearly apparent to the sight or understanding; obvious."). "Disregard," in turn, means "[t]o treat as unworthy of regard or notice; to take no notice of; to leave out of consideration; to ignore; to overlook; to fail to observe," *Black's Law Dictionary* at 472; *see also American Heritage Dictionary* at 381 ("To pay no attention or heed to; fail to consider; ignore."). An arbitration board that incorrectly interprets the law has not manifestly disregarded it. It has simply made a legal mistake. To manifestly disregard the law, one must be conscious of the law and deliberately ignore it. *See O.R. Sec.,* 857 F.2d at 747 ("there must be some showing in the record, other than the result obtained, that the arbitrators knew the law and expressly disregarded it.").

*Montes v. Shearson Lehman Bros., Inc.,* 128 F.3d 1456, 1461 (11th Cir. 1997).[3]

It is undisputed that there was no Court reporter to record evidence at the hearing of this matter. Therefore, there is no official transcript. There is also no record of exhibits submitted to the arbitrator at the hearing, nor copies of these exhibits. Instead, the evidence before this Court is contained in three notebooks submitted by Plaintiff. These notebooks contain Harbert's trial and post arbitration briefs (Exhibits 1 and 2); an affidavit of Harbert's lead attorney Douglas Ekert (Exhibit 3); and HSC's pre and post-hearing briefs (Exhibits 4 and 5). Some of these exhibits contain voluminous attachments. The Court also has copies of all attachments to the Petitions, briefs and motions in this case.

The Subcontract at issue in this case has been submitted to the Court. It is undisputed that it was presented to the Arbitrator. Section 6 of the Subcontract provides: "Subcontractor shall begin the Work upon Contractor's order to do so." *Subcontract*, at 3. Schedule E of the Subcontract provides that:

> The contractor will issue a Progress Schedule for the project and a copy will be provided to each Subcontractor. All work must be performed in accordance with [the] Progress Schedule as prepared by BILL HARBERT CONSTRUCTION and as it may be revised from time to time with the Subcontractor's input. This Schedule will be modified or revised from time to time in order to properly coordinate and sequence the work; however, the duration of time established for the Subcontractor's work is firm and must be maintained.

*Id.* at 12. Notably, however, the contract does not reference the 2000 schedule, or for that matter the 3000 schedule. Plaintiff, however, contends that at the time of signing the subcontract, HSC was

---

[3]Contrary to Defendant's contention, and the contention of the District Court in *Isenhower*, manifest disregard does not require a showing of the four elements listed therein. Those elements were taken from Judge Carnes's concurrence in *Montes* and are therefore dicta only. They are also meant to illustrate the particular facts of that case alone. However, as was Judge Carnes's point, they do give considerable insight as to how restrictive the standard is.

in possession of the 2000 schedule–a schedule which states that work should begin in March of 2001. It is uncontested that the Arbitrator was presented with several letters from Harbert to HSC which mention March start dates, and which were never contested by HSC.

Based on this review of the evidence, the Court concludes that the Arbitrator had before him evidence of a subcontract which provided that Harbert could dictate the schedule HSC was to follow. The Arbitrator also had before him at least some evidence that the 2000 schedule was presented to HSC before the signing of the Subcontract. However, what is missing is: 1) a complete record of all evidence presented to, and not excluded by, the Arbitrator; 2) a transcript reflecting the course of the proceedings, the witness testimony, and the order and type of exhibits introduced; and 3) a full and complete explanation by the Arbitrator of why he decided the 2000 schedule did not apply–including case citations, and references to the record.

The Plaintiff contends that "the law" which was disregarded in this case is the Subcontract, and the common law of contracts that governs it. *Brief and Evidentiary Submission in Support of Harbert's Petition to Vacate Arbitration Award,* at 7. In support of its position it relies on *University Commons-Urbana, Ltd. v. Universal Constructors, Inc.*, 304 F.3d 1331 (11th Cir. 2002). In that case, the Eleventh Circuit did, in dicta, state: "[t]heoretically, we suppose, the arbitrators' approach to the award of damages could be in disregard of the law altogether, if it differed from the provisions of the contract." *University Commons-Urbana, Ltd.*, 304 F.3d at 1338. However, the Court refused to set aside the award, writing:

> we have no showing in the record of the arbitrator's thoughts--other than the result. Universal and Reliance contend that the arbitrators acted in manifest disregard for the law by awarding damages that included lost rent for the 1999-2000 school year because the Project was completed before the school year even began. But we cannot ascertain from the bare-bones statement of the award what principle of law the

>arbitrators purportedly chose to ignore when they awarded this rent. The statement simply lists the amounts awarded to each party and is devoid of any mention of cases or treatises that might have provided the underpinnings for the arbitrators' decision. Furthermore, since the hearings were not transcribed, we cannot even look at questions or offhand remarks by the arbitrators for possible evidence of their legal rationale. In sum, we have no indication of the arbitrators' reasons for awarding the lost rent, and, thus, we have no reason to believe that they disregarded the law in doing it. *See id.* ("In fact, when the arbitrators do not give their reasons, it is nearly impossible for the court to determine whether they acted in disregard of the law.")

*Id.* at 1337. For the same reasons in the instant case, it is impossible for this Court to determine the reasons the arbitrator held that the 2000 schedule was inapplicable.

In the only Eleventh Case ever to overturn an arbitration award for manifest disregard of the law, Judge Carnes, in a concurring opinion, wrote:

>I concur in Judge Barkett's fine opinion and write separately only to emphasize how narrowly the decision in this case is limited to the unusual facts presented. Those facts are that: 1) the party who obtained the favorable award had conceded to the arbitration panel that its position was not supported by the law, which required a different result, and had urged the panel not to follow the law; 2) that blatant appeal to disregard the law was explicitly noted in the arbitration panel's award; 3) neither in the award itself nor anywhere else in the record is there any indication that the panel disapproved or rejected the suggestion that it rule contrary to law; and 4)the evidence to support the award is at best marginal. The Court does not imply that it would find a manifest disregard of the law based on anything less than all of those factors.

*Montes*, 128 F.3d at 1464 (11th Cir. 1997). While the Eleventh Circuit has never formally adopted these factors as elements in a manifest disregard case, this concurring opinion is instructive on exactly how restrictive this method is for vacating an award in arbitration. The facts of the instant case certainly do not rise to that level.

### IV.   CONCLUSION

For the reasons stated herein, the arbitration award is not due to be vacated. Accordingly, it must be confirmed under the Act. The Petition to Vacate (treated as a Motion to Vacate) will be

**DENIED**, and the Motion to Confirm will be **GRANTED**.

DONE this 7th day of February, 2005.

*/s/ V.E. Hopkins*

**VIRGINIA EMERSON HOPKINS**
United States District Judge